**WELLS FARGO BANK, N.A. for the Benefit of the CERTIFICATE HOLDERS OF ASSET BACKED PASS–THROUGH CERTIFICATES SERIES 2004–MCWI, Appellees**

v.

**Judy MONROE and Joseph Monroe, Appellants.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 2008.

Filed Jan. 26, 2009.

David A. Colecchia, Greensburg, for appellants.

Wayne Streibich and Matthew M. Maher, Philadelphia, for Wells Fargo, appellee.

BEFORE: BENDER, GANTMAN and POPOVICH, JJ.

OPINION BY BENDER, J.:

¶ 1 Judy and Joseph Monroe appeal from the judgment entered on February 6, 2008, which resulted from the February 1, 2008 court order granting the motion for summary judgment in mortgage foreclosure filed by Wells Fargo Bank, N.A. The February 1, 2008 order also denied the Monroes' cross motion for summary judgment. We affirm.

¶ 2 The trial court set forth the following recitation of the facts and procedural history that led up to this appeal:

> The Defendants are husband and wife. They obtained the current note and mortgage upon the premises located at 601 Sand Hill Road, Mt. Pleasant, PA 15666 on July 23, 2004 when they refinanced their prior obligation with Ameriquest Mortgage Company. The mortgage is currently held by Plaintiff. The original mortgage payment was $1,362.73 per month. The Defendants paid on this obligation through the mort-gage Servicer, Countrywide Home Loans (hereinafter "Countrywide"), until October 2006. At that time the mortgage payment adjusted to $2,333.62 due to the expiration of the rate lock and the addition of an escrow to the payment.

> After Defendants were unable to pay the mortgage for two months Countrywide mailed to the Defendants a Notice of Intention to Foreclose and a Notice of Homeowners' Emergency Mortgage Assistance (hereinafter "Act 91 Notice") on December 1, 2006. After the thirty-day Act 91 window expired, Plaintiff filed suit in mortgage foreclosure against the Defendants on May 1, 2007. Defendants filed an Answer with New Matter on May 31, 2007. Plaintiff filed a Motion for Summary Judgment on September 12, 2007, and on October 10, 2007, Defendants filed their Response to Plaintiff's Motion for Summary Judgment as well as a Cross Motion for Summary Judgment. Additionally, Defendants filed a Motion for Leave to Amend Answer.

Trial Court Opinion (T.C.O.), 2/1/08, at 1–2. In addition, the trial court discussed the Monroes' allegation that the Act 91 Notice was deficient, stating:

> As to the alleged deficient Act 91 Notice, although compliance with Act 91 is a prerequisite to any mortgage foreclosure action, the simple fact is [the Monroes] were provided with an Act 91 Notice and they met with a consumer counseling agency. They then applied for mortgage assistance with the Pennsylvania Housing Finance Agency within the thirty-day period prescribed by the Act and their application was denied by the Agency. This decision was appealed by [the Monroes], a hearing was held, and the decision denying assistance was affirmed. Thus, the [Mon-

roes] fully exercised their rights afforded them under Act 91.

*Id.* at 3.

¶ 3 As noted above, the court granted Wells Fargo's motion for summary judgment in mortgage foreclosure with damages assessed against the Monroes in the amount of $212,352.09 plus interest and for the foreclosure and sale of the mortgaged premises. Thereafter, Wells Fargo praeciped for the entry of judgment, and judgment was entered on February 6, 2008.

¶ 4 The Monroes now appeal to this Court, raising two issues for our review:

   I.   Whether the Trial Court erred by requiring the [Monroes] to show the occurrence of prejudice as the result of their receipt of a defective Act 91 Notice from [Wells Fargo?]

   II.   Assuming arguendo [that] the [Monroes] were required to show prejudice, did the Court err in granting Summary Judgment instead of requiring the parties to engage in discovery on this issue[?]

Monroes' brief at 2.

¶ 5 When reviewing the grant of summary judgment, we are guided by the following:

> Summary judgment properly is granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The scope of our review of an order granting or denying a motion for summary judgment pursuant to Rule 1035 is well established. In reviewing an order granting summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. *Curbee, Ltd. v. Rhubart,* 406

Pa.Super. 505, 594 A.2d 733, 735 (1991); *Laventhol & Horwath v. Dependable Insurance Associates, Inc.,* 396 Pa.Super. 553, 579 A.2d 388, 390 (1990). We will reverse only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.,* 415 Pa.Super. 189, 608 A.2d 1074, 1077 (1992).

*Acceptance Ins. Co. v. Seybert,* 757 A.2d 380, 381 (Pa.Super.2000).

¶ 6 To begin our discussion relating to the Monroes' first issue, we recognize that "[t]he purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished. 35 P.S. § 1680.403c." *Fish v. Pennsylvania Housing Fin. Agency,* 931 A.2d 764, 767 (Pa.Cmwlth.2007). The relevant statutory language, governing notice to the mortgagor before any legal action may be taken by a mortgagee, provides:

> (a) Before any mortgagee may accelerate the maturity of any mortgage obligation covered under this article, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the mortgage debtor for such mortgage obligation, such mortgagee shall give the mortgagor notice as described in section 403–C. Such notice shall be given in a form and manner prescribed by the agency. Further, no mortgagee may enter judgment by confession pursuant to a note accompanying a mortgage, and may not proceed to enforce such obligation pursuant to applicable rules of civil procedure without giving the notice provided for in this subsection and following the procedures provided for under this article.

35 P.S. § 1680.402c. Moreover, section 1680.403c. ("Notice requirements") indicates in pertinent part that:

(a) Any mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at his or her last known address the notice provided in subsection (b): Provided, however, That such mortgagor shall be at least sixty (60) days contractually delinquent in his mortgage payments or be in violation of any other provision of such mortgage.

(b)(1) ... The notice shall be in plain language and specifically state that the recipient of the notice may qualify for financial assistance under the homeowner's emergency mortgage assistance program. This notice shall contain the telephone number and the address of a local consumer credit counseling agency. This notice shall be in lieu of any other notice required by law. This notice shall also advise the mortgagor of his delinquency or other default under the mortgage and that such mortgagor has thirty (30) days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise.

35 P.S. § 1680.403c.

¶ 7 Specifically, the Monroes contend that the Act 91 Notice they received "did not identify the Mortgagee, it only identified the Servicer, Countrywide." Monroes' brief at 8. Therefore, they claim that they "did not have the address of the noteholder where they could have sent items

pursuant to the Real Estate Settlement Procedures Act or more importantly, a Truth–in–Lending request to rescind their mortgage." *Id.* The Monroes further assert that "the Act 91 Notice did not provide a place of cure within Westmoreland County where the property is located, nor did it provide a place of cure within a County contiguous to Westmoreland County" and that it "included additional proscribed costs and fees." *Id.* Based upon these identified errors and in addition to them, the Monroes argue that the trial court required them to show that they were prejudiced by the improper notice, a requirement that they claim does not comply with Pennsylvania law. *Id.* at 9. Essentially, the Monroes assert that if the Act 91 Notice is improper, prejudice should be presumed.

■ ¶ 8 In response to the Monroes' assertions regarding the Act 91 Notice and the requirement that they show prejudice, we agree with the trial court's conclusion.[1] The Monroes received an Act 91 Notice and, even if it was defective, they were given and availed themselves of the opportunity to pursue mortgage assistance through the Pennsylvania Homeowners' Emergency Mortgage Assistance Program. They met with a credit counseling agency within the thirty days as provided by the Act 91 Notice and applied for the mortgage assistance. Moreover, the Monroes have provided no legal authority for their position, nor do they suggest what rights they were due above and beyond those that were afforded to them. *See* Pa.R.A.P. 2119; *Bombar v. West Ameri-*

---

1. Specifically, the trial court indicated that any issues regarding fees and costs would be addressed at the accounting which takes place after a sheriff's sale and at the time of distribution of the proceeds. T.C.O. at 3. Moreover, we note as to the assertion that the Act 91 Notice failed to provide a local location at which the mortgagor could cure a default, the Pennsylvania Code indicates that an address to which the cure may be sent by mail is sufficient. *See* 10 Pa.Code § 7.2(ii) (definition of "performance"). Here, an address for Countrywide in Dallas, Texas, was provided as the location to which any cure could be mailed. The Monroes did not take advantage of this option.

*can Ins. Co.,* 932 A.2d 78, 93 (Pa.Super.2007) (stating that failure to cite relevant authority may result in waiver of the issue). Accordingly, we conclude that the Monroes' first issue is without merit.

¶ 9 The Monroes' second argument assumes that the trial court changed the standard of compliance for an Act 91 Notice and that, therefore, they should have been allowed to either supplement the record or engage in additional discovery to prove the prejudice they allegedly suffered. Again, the Monroes fail to support this assertion with any statutory or case law. *See* Pa.R.A.P. 2119; *Bombar, supra.* They also fail to suggest what rights they were not afforded under the circumstances, *i.e.,* they do not assert what prejudice they may have suffered.

¶ 10 Accordingly, we conclude that the Monroes failed to raise any material issues of fact or law that would refute the averments in the complaint for mortgage foreclosure. Our review of the certified record has not uncovered any error of law and we conclude that the trial court did not abuse its discretion in finding that the Act 91 Notice sufficiently apprised the Monroes of their options with regard to the aid to which they were entitled. Therefore, the trial court's grant of the motion for summary judgment filed by Wells Fargo was proper.

¶ 11 Judgment affirmed.