**Bank of America v. Ierino.**

*Jeremy J. Kobeski,* for plaintiff.
*L. Dawn Haber,* for defendant.

MOTTO, *J.*, December 7, 2012—Before the court for disposition is the plaintiff's motion for summary judgment and the defendants' cross motion for summary judgment. The plaintiff, Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans servicing, L.P., is the holder of a mortgage and promissory note executed by the defendants, Frank and Patricia Ierino, upon property located at 28 First Street, Ellwood City, Pennsylvania. The plaintiff alleges that the defendants have failed to make payments due on August 1, 2008, and each month thereafter, on the principal and interest of the mortgage. Due to the failure to make said payments, the plaintiff maintains that the mortgage is now in default, and seeks an in rem judgment against the defendants to foreclose the mortgage on the property. The defendants argue that the plaintiff's Homeowner's Emergency Mortgage Act, 35 P.S. §§ 1680.401(c) (hereinafter, Act 91) notice was deficient

insomuch as that it failed to inform the defendants that they had the opportunity to have a face-to-face meeting with the plaintiff to attempt to resolve the default. The defendants maintain that since the Act 91 notice was deficient, the plaintiff's suit must be dismissed for lack of subject matter jurisdiction.

On September 21, 2006, the defendants executed a mortgage and promissory note in the principal sum of $247,500.00, being payable in equal, consecutive, monthly installments of principal and interest of $2,027.53 on the property at 28 First Street. On or about May 30, 2008, the plaintiff sent a loan modification solicitation letter to the defendants. According to the terms of the letter, the plaintiff informed the defendants that it may be able to lower their monthly payments to approximately $1,616.94. The plaintiffs maintain that the defendants were advised that their payments would be approximately $1,616.94, but that amount could not be guaranteed, due to the fact that plaintiff had to perform an escrow analysis to ensure that all amounts for taxed and insurance would be covered upon modification of the loan. The defendants executed the loan modification and returned it to the plaintiff.

As a result of the loan modification, the principal and interest payment of the defendants' loan was modified to $1,194.69, with a new maturity date of June 1, 2048. Plaintiff also found that it was necessary to include a monthly escrow payment of $513.54 to cover the taxes and insurance costs due on the defendants' property.

Defendants' new monthly payment, including escrow, became $1,708.23. This amount was $91.29 over the approximated payment which was solicited to the defendants within the loan modification letter, but still $319.30 less than the amount of their original monthly mortgage payment.

The last payment made by the defendants on their mortgage was on or around August 1, 2008, in the amount of $1,616.94. Plaintiff applied this payment to defendants' account for the delinquent July 1, 2008 payment, but maintains that the account remained due and owing for the August 1, 2008 payment. On November 3, 2008, and January 9, 2009, plaintiff mailed defendants Act 91 notices that the account had entered default and that plaintiff intended to foreclose on the mortgage. Plaintiff filed the instant foreclosure action on May 18, 2009.

The defendants argue that the plaintiff's Act 91 notice was deficient because it failed to inform the defendants that they had the opportunity to have a face-to-face meeting with the plaintiff to attempt to resolve the default. The defendants maintain that since notice requirements of Act 91 are jurisdictional, their deficient notice deprives this court of jurisdiction to hear the plaintiff's foreclosure action. The defendants argue that since there are no other genuine issues of material fact, the plaintiff's case must be dismissed as a matter of law for want of jurisdiction.

The plaintiff argues that since the defendants applied for mortgage assistance with the Pennsylvania Housing

Finance agency and were denied, the defendants are estopped from asserting that the Act 91 notice was deficient. The plaintiff maintains that because the defendants availed themselves of the opportunity for mortgage assistance, the purpose of the Act 91 notice has been satisfied.

Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery. Pa.R.C.P. 1035.2(1). The moving party bears the burden of demonstrating that there are no genuine issues of material fact. *Stimmler v. Chestnut Hill Hosp.*, 602 Pa. 539, 554, 981 A.2d 145, 154 (2009). A court may grant summary judgment only when the right to such judgment is clear and free from doubt. *Sevast v. Kakouras,* 591 Pa. 44, 53, 915 A.2d 1147, 1153 (Pa. 2007).

The notice requirements of Act 91 are jurisdictional, and, where applicable, a failure to comply therewith will deprive a court of jurisdiction to act. *Philadelphia Housing Authority v. Barbour*, 592 A.2d 47, 48 (Pa.Super. 1991). Since the allegations of a defective Act 91 notice in the defendants' cross motion raises an issue of jurisdiction, the court will address it before considering any of the other issues raised by the parties.

Under the notice requirements of Act 91 of 1983, a delinquent mortgagor has an opportunity for a face-to-face meeting with the mortgagee or a consumer credit

agency to attempt to resolve the delinquency or default. 35 P.S. § 1680.403c(b)(1) (1983). In June of 2008, the notice requirements of Act 91 were amended, deleting the language that a mortgagor has an opportunity to meet with the mortgagee face-to-face. 35 P.S. § 1680.403c (2008) (July 8, P.L. 841 No. 60. § 2(effective in 60 days)). The amendment became effective on September 8, 2008. *Id.* The defendants argue that since their final payment was made in July 2008, the pre-amended version of the statute should be the applicable law in this matter.

The plaintiff does not dispute that the pre-amended version of Act 91 should be the applicable law in this matter. The plaintiff argues, however, that although it failed to comply with the requirements of Act 91 of 1983, the defendants have nevertheless availed themselves of the opportunity to apply for assistance with the Homeowners' Emergency Mortgage Assistance Program (hereinafter, HEMAP). The defendants admit that they did in fact apply for assistance with HEMAP and were rejected. The plaintiff maintains that since the defendants had applied for assistance, the Act 91 notice had served its purpose, they are estopped from asserting that the plaintiff did not comply with the notice provisions of Act 91 of 1983.

In support of its contention, the plaintiff cites *Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass-Through Certificates Series 2004-MCWI v. Monroe*, 966 A.2d 1140 (Pa. Super. 2009). In *Monroe*, the mortgagors argued that the Act 91 notice sent by the

mortgagee was deficient because it failed to identify the mortgagee, and therefore did not have the address of the note-holder where they could have sent items pursuant to the Real Estate Settlement Act or a Truth-in-Lending request. *Id.* at 1143. The mortgagors also asserted that the Act 91 notice did not provide for a place of cure within the county where the property was located. *Id.* Upon appeal, the mortgagors maintained that the trial court improperly required them to show that they were prejudiced by the deficient notice, asserting that since the notice was improper, prejudice should be presumed. *Id.* The Superior Court rejected this contention, holding that because the mortgagors availed themselves of the opportunity to pursue assistance with HEMAP, they were not prejudiced by a defective Act 91 notice. *Id.*

In support of their position, the defendants cite *Beneficial Consumer Disc. Co. v. Vukmam*, 37 A.3d 596 (Pa.Super. 2012). In *Vukmam*, the trial court set aside a judgment and sheriff's sale after determining that the mortgagee's Act 91 notice sent to the mortgagor was deficient and therefore the court lacked subject matter jurisdiction. Upon the mortgagee's appeal, the mortgagor maintained its position that the mortgagee's Act 91 notice was deficient because, as here, it failed to comply with the notice requirement of informing the mortgagor that she had the opportunity with a face-to-face meeting with the mortgagee. *Id.* at 601. The mortgagee, relying on the Superior Court's decision in Monroe, supra, argued that the mortgagor must prove that she was prejudiced by the

technical defect; otherwise, the technical defect would not deprive the court of jurisdiction. *Id.* at 602.

The Vukmam court held that at the time relevant to the matter, § 1680.403c of Act 91 clearly and unambiguously provided that before a mortgagee could commence a foreclosure action, the mortgagee was required to give a mortgagor notice as described in §1680.403c, including the provision of a face-to-face meeting with the mortgagee. *Id.* The Superior Court noted that the legislature mandated that an Act 91 notice include all of the information outlined by the notice provision of § 1680.403c. *Id.* The Superior Court stated that the facts of Monroe, supra, were sufficiently distinguishable from the case at bar to have no impact upon its decision, essentially because Monroe did not implicate as a deficiency Act 91's explicit requirement that the notice inform that the mortgagor can meet face-to-face with the mortgagee. *Id.*

In the case sub judice, the facts are distinguishable from the facts of Monroe, supra, and analogous to the facts of Vukmam, supra. Therefore, this court finds Vukmam to be controlling. The Act 91 notice was clearly deficient because it only informed the defendants that they had the opportunity to meet face-to-face with a consumer credit agency, and did not inform of the right to a face-to-face meeting with the plaintiff mortgagee itself. The fact that the defendants applied for assistance with HEMAP does not estop them from being able to assert that the Act 91 notice was deficient. Vukmam, supra. Vukmam clearly holds that failure to strictly comply with Act 91 by

providing notice of the right to a face-to-face meeting with the mortgagee deprives the court of subject matter jurisdiction; that the defect is non-waivable, and that a showing of prejudice by defendants is not required. Since the plaintiff has failed to comply with the notice requirements of § 1680.403c of Act 91 of 1983, this court finds that it does not have subject matter jurisdiction to hear the plaintiff's case. *Philadelphia Housing Authority v. Barbour*, supra, at 48.

Given that subject matter jurisdiction is lacking, the court does not reach the merits of any of the other issues raised by either of the parties in their respective motions. Accordingly, the plaintiff's motion for summary judgment must be denied, the defendants' cross motion for summary judgment must be granted, and the plaintiff's suit is dismissed, for want of jurisdiction.

## ORDER OF COURT

And now, December 7, 2012, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged, and decreed:

1. Plaintiff's motion for summary judgment is denied.

2. Defendants' cross motion for summary judgment is granted.

3. The plaintiff's complaint in mortgage foreclosure is dismissed, without prejudice.