**Aurora Loan Services, LLC v. Sheika**

---

18. *Craig*, 395 Pa. at 133-34, 149 A.2d at 37.

C.P. of Monroe County, No. 4716 CV 2008

*Ralph M. Salvia*, for plaintiff.

*Robert J. Kidwell*, for defendants.

ZULICK, *J.*, August 28, 2013—Defendants Samme Sheika and Eileen Sheika have filed a motion to set aside a sheriff's sale and strike a sheriff's deed in this mortgage foreclosure action. The case was commenced by Aurora Loan Services, LLC's (Aurora) complaint filed in May, 2008 against real property (the property) owned by the Sheikas. Aurora obtained a default judgment in May, 2009, and was the successful bidder for 454 Birch Street, East Stroudsburg, Pennsylvania at sheriff's sale in September, 2012. Aurora then filed a motion to set aside sheriff's sale in June, 2012, but after failing to appear for argument, the motion was denied.

The Sheikas filed this motion to set aside sheriff's sale and strike sheriff's deed in May, 2013. The matter was argued on August 5, 2013, with both parties filing briefs in support of their position.

## DISCUSSION

The Sheikas seek to have the sheriff's sale and resulting deed set aside. Their sole argument is that the court lacked subject matter jurisdiction over the foreclosure action.

"It is...well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties in the same court or may be collaterally attacked at any time." *Commonwealth ex rel. Howard v. Howard*, 10 A.2d 779, 781 (Pa. Super. 1940).

[I]t is never too late to attack a judgment or decree for want of jurisdiction. That question is always open. Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral proceedings

at any time by one whose rights it purports to affect. The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved..

*DeCoatsworth v. Jones*, 639 A.2d 792, 796 (Pa. 1994) (internal quotations and citations omitted) (emphasis deleted). Therefore, even though the mortgage foreclosure has been finalized, and the period to timely appeal has passed, if the court lacked subject matter jurisdiction in the foreclosure matter that judgment must be set aside.

The Sheikas' contention that the court lacked subject matter jurisdiction in deciding the mortgage foreclosure is based upon a recent Superior Court case, *Beneficial Consumer Discount Co. v. Vukman*, 37 A.3d 596 (Pa. Super. 2012), *reargument denied* (Apr. 14, 2012), *appeal granted*, 55 A.3d 100 (Pa. 2012). Although now on appeal before our Supreme Court, the Superior Court's decision in *Vukman*, remains binding precedent upon this court.

In *Vukman*, Beneficial Consumer Discount Co. (Beneficial) filed an action in mortgage foreclosure against Vukman due to failure to pay monthly payments due on the mortgage. Beneficial eventually obtained a judgment and purchased the property at sheriff's sale. *Vukman*, 37 A.3d at 597-98.

After the sale, Vukman filed a motion to set aside the judgment and sheriff's sale. Her contention was that the notice provided by Beneficial was inadequate, in that it failed to comply with the requirements of the Homeowners Emergency Mortgage Act, 35 P.S. §§ 1680.401(c) *et seq.* (Act 91). Specifically, she argued that the Act 91 notice she

received failed to inform her of her right to a face to face meeting with Beneficial. The trial court held a hearing, and determined that the Act 91 notice was deficient, and set aside the sheriff's sale and judgment. *Vukman*, 37 A.3d at 598. Beneficial appealed.

In affirming the trial court, the Superior Court stated:

At the time relevant to this matter, Section 1680.402c of Act 91 clearly and unambiguously provided that, before a mortgagee could, *inter alia*, commence a mortgage foreclosure action against a mortgagor, the mortgagee was required to give the mortgagor a notice as described in Section 1680.403c of Act 91. Pursuant to the plain language employed in Subsection 1680.403c(b)(1), this notice was to, *inter alia*, advise the mortgagor that the mortgagor has thirty days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit counseling agency to attempt to resolve the delinquency or default. In other words, Subsection 1680.403c(b)(1) clearly and unambiguously required a mortgagee to provide to a mortgagor notice that the mortgagor had a choice of whether to meet face-to-face with the mortgagee or a consumer credit counseling agency. While Act 91 undeniably empowered the agency to prepare a uniform notice, the Legislature mandated that the notice include all of the information outlined by Act 91's notice provision. 35 P.S. § 1680.403c(b)(1) (amended July 8, 2008, effective September 8, 2008) ("The agency shall prepare a notice which shall include all the information required by this subsection....").

Here, the notice that Appellant provided to Appellee failed to inform Appellee that she could choose to meet

face-to-face with Appellant. Consequently, the notice was deficient.

*Id.* at 602. The Superior Court ultimately determined:

> Act 91 explicitly states that, before a mortgagee can even commence a mortgage foreclosure action, it must give the mortgagor the notice described in Section 1680.403c; Subsection 1680.403c(b)(1) clearly and unambiguously mandates that the notice must inform a mortgagor, *inter alia*, that the mortgagor can meet face-to-face with the mortgagee.
>
> We conclude that the trial court did not make an error of law or abuse its discretion by sustaining Appellee's "Motion to Set Aside Judgment and Sheriff's Sale." In conjunction with its ruling, the court properly set aside the sheriff's sale, vacated the judgment, and dismissed Appellant's complaint without prejudice. Accordingly, we affirm the court's order.

*Id.* at 603-04.

Were the *Vukman* decision the final word on the matter, it is clear that the sheriff's sale and deed must be set aside. However, approximately five months after the decision in *Vukman*, Pennsylvania enacted the Homeowner's Assistance Settlement Act (HASA), 35 P.S. § 1681.1 *et seq.* The main thrust of HASA, as far as the present matter is concerned, is found in its provisions that "[t]he failure of a mortgagee to comply with the requirements of sections 402-C and 403-C of the Housing Finance Agency Law must be raised in a legal action before the earlier delivery of a sheriff's or marshal's deed in the foreclosure action or delivery of a deed by the mortgagor." 35 P.S. § 1681.5(2), and, "[t]he failure of a mortgagee to comply

with the requirements of sections 402-C and 403-C of the Housing Finance Agency Law shall not deprive a court of jurisdiction over any legal action, including an action in foreclosure, for money due under the mortgage obligation or to take possession of the mortgagor's security." 35 P.S. § 1681.5(3).

In *Commonwealth v. Chamberlain*, 731 A.2d 593 (Pa. 1999), our Supreme Court concluded that Section 1420 of the County Code, 16 P.S. § 1420, was amended to correct the Supreme Court's decision concerning legislative intent in *Commonwealth v. Lawson*, 699 A.2d 1246 (Pa. 1997). The court stated that the legislation "eviscerated the holding and rationale of *Lawson*." *Chamberlain*, 731 A.2d at 599. In amending Section 1420, the legislature specified in subsection (d) of the amendment, that it "shall apply to all cases pending on the effective date of this subsection and all cases thereafter, including, but not limited to, those cases on post-trial or on appeal." *See discussion in Com. v. Shaffer*, 734 A.2d 840, 844 (Pa. 1999).

New legislation may create retroactive authority, so long as that legislative intent is clearly stated. *Commonwealth v. Shaffer, supra* at 843. However, "[i]t is clearly established in this jurisdiction that even though the legislature possesses the power to promulgate the substantive law, judicial judgments and decrees entered pursuant to those laws may not be affected by subsequent legislative changes after those judgments and decrees have become final." *Commonwealth v. Sutley*, 378 A.2d 780, 784 (Pa. 1977).

HASA explicitly states that it is to apply retroactively to June 5, 1999. 35 P.S. § 1681.7. No final judgment interpreting the *Vukman* decision was issued in this matter by this court before HASA became law. Therefore, HASA

is proper retroactive authority and supersedes the *Vukman* decision's precedent in this case. The sheriff's sale and deed are valid under HASA. They will not be set aside.

### ORDER

And now, this 28th day of August, 2013, upon consideration of defendants' petition to set aside sheriff's sale and strike sheriff's deed, and the briefs and arguments of both parties, it is ordered that the petition is denied.