**Bank of New York Mellon v. Hall**

*Steven K. Eisenberg,* for plaintiffs.
*Jerry Hall* and *Michele Hall,* pro se.

GRINE, *J.,* February 9, 2010—Presently before the court is a preliminary objection brought by Jerry and Michele Hall (defendants). Defendants have filed this objection against a mortgage foreclosure action asserted by The Bank of New York Mellon (plaintiff). Defendants ask the court to sustain their objection and require plaintiff to provide a valid Act 91 notice. An order was issued on December 18, 2009, at which time the parties were ordered to file briefs. Both parties submitted such briefs in a timely manner, and the court is now ready to make a decision.

## FACTUAL BACKGROUND

On or about September 12, 2005, defendants executed a mortgage with plaintiff as a security instrument to a promissory note in the amount of $175,500. Defendants defaulted on this mortgage by failing to make payment due on September 1, 2007 and each subsequent payment due thereafter. In order to comply with the Homeowner's Emergency Assistance Act, plaintiff sent an Act 91 notice to defendants in January 2008. Defendants scheduled a meeting with a consumer counseling agency listed in the notice to possibly receive assistance in making their mortgage payments.

The consumer counseling agency required defendants to provide a copy of the recorded deed and mortgage for

their property. Defendants went to the Centre County Recorder of Deeds office to obtain these documents only to discover that the deed to their property was still in the previous owners' names and there was no mortgage recorded. The consumer counseling agency informed defendants that they were unable to aid them in applying for emergency mortgage assistance with the Pennsylvania Housing Finance Agency (PHFA) because defendants did not have a recorded deed and mortgage to their property.

In 2009, the subject mortgage evidencing the real property as security was recorded in the Centre County Recorder of Deeds office at book 2004 p. 398. On October 26, 2009, plaintiff filed a mortgage foreclosure complaint pursuant to Pa.R.C.P. 1141, due to defendants' default on the above referenced mortgage for failure to make the payments due on the note from September 1, 2007 and each subsequent payment due thereafter. On December 14, 2009, defendants filed preliminary ojections to plaintiff's complaint for plaintiff's failure to send a valid Act 91 notice. Defendants assert that because the deed and mortgage were not recorded, they could not seek assistance pursuant to the Act 91 notice for possible repayment of the amount due on their mortgage.

## DISCUSSION

The Act 91 notice requirement is set out in 35 P.S. §1680.403c:

"(a) Any mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at this or her last known address the notice provided in subsection (b): provided, however, that such mortgagor shall be at least

60 days contractually delinquent in his mortgage payments or be in violation of any other provision of such mortgage.

"(b)(1) The agency shall prepare a notice which shall include all the information required by this subsection and by section 403 of the act of January 30, 1974 (P.L. 13, no. 6), referred to as the Loan Interest and Protection Law and referred to commonly as the Usury Law. This notice shall be in plain language and specifically state that the recipient of the notice may qualify for financial assistance under the Homeowner's Emergency Mortgage Assistance Program. This notice shall contain the telephone number and the address of a local consumer credit counseling agency. This notice shall be in lieu of any other notice required by law . . . ."

The purpose of this notice, referred to as an "Act 91 notice", is to inform the mortgagor of a different means of satisfying his/her obligation under a mortgage in order to avoid foreclosure and to provide a timetable in which such means must be accomplished. See *Wells Fargo Bank v. Monroe,* 966 A.2d 1140, 1142 (Pa. Super. 2009) (citing 35 P.S. §1680.403c and *Fish v. Pennsylvania Housing Finance Agency,* 931 A.2d 764, 767 (Pa. Commw. 2007). The statute requires an Act 91 notice to be sent to the mortgagor before the mortgagee can commence any legal action against the mortgagor. An Act 91 notice was sent to defendants in January 2008, but defendants argue that this notice was deficient due to their inability to receive assistance from a consumer counseling agency as a result of plaintiff's failure to record their deed and mortgage. Plaintiff argues that defendants are not entitled to any further notice beyond what they received because

the statute does not require the mortgage to be recorded and according to Pennsylvania law, the mortgage is binding upon the defendants whether recorded or unrecorded. Plaintiff cites *U.S. Bank N.A. v. Mallory,* 982 A.2d 986 (Pa. Super. 2009), as support for this argument.

*U.S. Bank v. Mallory* holds that the recording of an assignment of a mortgage is not a prerequisite to an assignee having standing to seek enforcement of the mortgage through foreclosure. The plaintiff assignee averred in its complaint that it was the legal owner of the mortgage and was in the process of formalizing its ownership through the recording process. *Id.* at 992. The court was persuaded that the defendant was sufficiently put on notice of the plaintiff assignee's claim in the foreclosure action because plaintiff assignee set forth the date and existence of the mortgage, the fact that another company assignor is the current legal owner of the mortgage, and that assignee has assumed assignor's rights under the mortgage and is in the process of formalizing this assignment. *Id.* at 992-93. Plaintiff, in this case, had a recorded mortgage at the time of its complaint, and therefore has standing to seek enforcement of the mortgage through foreclosure. Standing is not the issue presented in defendants' preliminary objection though. The issue, which will be further discussed, is whether plaintiff is required to resend an Act 91 notice, since in January 2008, when the original notice was sent, defendants were not able to seek any assistance due to plaintiff's failure to have a recorded deed and mortgage at that time.

35 P.S. §1680.403c(g) offers guidance on requiring the mortgagee to resend the Act 91 notice:

"(g) Notwithstanding any other provisions of this section, a mortgagee shall not be required to send the uni-

form notice provided in subsection (b) to any mortgagor who has already been sent the uniform notice and:

"(1) who did not apply for a mortgage assistance loan;

"(2) who applied for a mortgage assistance loan but whose application was denied; or

"(3) whose mortgage assistance disbursements were terminated by the agency for any reason."

Plaintiff argues that this statute makes clear that no further notice needs to be provided to the mortgagor who has received a notice and not applied for assistance or has otherwise been turned down for assistance. It is not clear from the statute whether plaintiff mortgagee should be required to resend the Act 91 notice. Defendants did receive the notice in January 2008 and did not apply for a mortgage assistance loan. Defendants claim that they would have applied for a mortgage assistance loan though but for plaintiff's failure to record the deed and mortgage.

In *Wells Fargo Bank v. Monroe,* 966 A.2d 1140 (Pa. Super. 2009), the mortgagors argued that the Act 91 notice was deficient because it only identified the servicer of the loan and not the mortgagee. The court held that even if the notice was defective, the mortgagors exercised all of their rights available because they met with a credit counseling agency, applied for mortgage assistance, were denied assistance, and PHFA's decision was affirmed on appeal. *Id.* at 1143. Defendants, in this case, were not able to exercise all of their rights available under the Act 91 notice. Defendants were not granted a meeting with a credit counseling agency due to the lack

of a recorded mortgage and deed and therefore did not even get a chance to apply for mortgage assistance. Where the mortgagors in *Wells Fargo Bank v. Monroe* suffered no prejudice as a result of the deficient Act 91 notice, defendants mortgagors in this case did suffer prejudice because they were not able to apply for mortgage assistance.

In *In re Miller*, 90 B.R. 762, (Bkrtcy E.D.Pa. 1988), the debtor alleged that the Act 91 notice that she received was sent at a time period too remote from the institution of the litigation to be effective. The court recognized that upon sending an Act 91 notice to a mortgagor, the mortgagee affords the mortgagor with new rights to apply for homeowner's emergency assistance. *Id.* at 768. The court further recognized that while some delay may result in the mortgagee's ability to commence a legal action against the mortgagor there is mutual benefit to the parties if the mortgagor is able to receive assistance with the mortgage payments. *Id.* at 769. On the issue of resending the Act 91 notice the court states, "We believe that a rule of reason must control the issue of when a mortgagee is obliged to resend a notice to a mortgagor of the right to apply for benefits under Act 91 *and* that such a rule should be liberally construed to require a new notice wherever it appears practical to do so." *Id.* This court believes that using a rule of reason in this case that plaintiff is required to resend the Act 91 notice to defendants. It is practical to require plaintiff to resend the notice to defendants because the initial Act 91 notice was ineffective due to defendants' inability to receive any kind of assistance.

Plaintiff further argues that it is not required to send the notice because pursuant to 35 P.S. §1680.403c(f), a

mortgagee shall not be required to send the notice "to any mortgagor who is more than 24 consecutive or non-consecutive months in arrears on the residential mortgage in question, no matter what the reason therefor; . . . ." Plaintiff offers support that at the time of foreclosure the defendants were due for 26 monthly payments and in their answer filed with the court defendants admit this fact. While a mortgagee may not be required to send the Act 91 notice to any mortgagor more than 24 months in arrears the statute does not instruct on requiring a mortgagee to resend a notice because the original notice was defective when sent to the mortgagor, who at the time of receipt was not more than 24 months in arrears.

Since defendants suffered prejudice from receiving a deficient Act 91 notice in January 2008 and it is practical to require plaintiff to resend the notice so defendants may properly apply for emergency homeowner's assistance this court grants defendants' preliminary objection and orders plaintiff to send the defendants a new Act 91 notice.

## ORDER

And now, February 9, 2010, upon consideration of the parties' briefs, the court grants the defendants' preliminary objection. plaintiff is ordered to send the defendants a new Act 91 notice so that they may apply for emergency mortgage assistance with the Pennsylvania Housing Finance Agency under The Homeowner's Emergency Assistance Act.