**CitiMortgage, Inc. v. Smiler**

*Sean P. Mays*, for plaintiff.
*Cheri Robinson*, for defendants.

TUNNELL, *J.*, September 23, 2013—

## FINDINGS OF FACT

1. On October 12, 2004, defendants Jeremy K. Smiler and Amy R. Hansen borrowed $147,900 from Trident Mortgage Company, LP ("Trident"). That day, they executed a note promising to repay the loan in the original principle amount, payable in monthly installments, at an interest rate of 5.875% ("note"). (Exhibit P-3).

2. Defendants secured the note with a mortgage on

property located at 10 Hillcrest Lane, Coatesville, PA 19320 ("mortgage"). The mortgage was recorded on October 15, 2004 in the Recorder of Deeds Office in Chester County in Book 6308, page 1599. (Exhibit P-1).

3. Defendants are the record owners of the mortgaged property.

4. Plaintiff CitiMortgage, Inc. ("Citi") is mortgagee by assignment pursuant to an assignment of mortgage entered into with Trident and recorded on July 13, 2011 in the Recorder of Deeds Office in Chester County in book 8209, page 1832 ("assignment"). (Exhibit P-2).

5. Defendants failed to make their September 1, 2010 mortgage payment or any payments thereafter. (Exhibits P-4, 5).

6. On April 20, 2011, each defendant was sent the notice required by 35 P.S. §1680.403c ("Act 91 Notice"). The Act 91 Notice explained to defendants that their mortgage was in default, the nature of the foreclosure proceedings and how to take action to avoid foreclosure. (Exhibit P-6).

7. Nonetheless, defendants failed to make any payments that were due and owing.

8. On January 25, 2012, Citi filed the present action to foreclose on the mortgage.

## DISCUSSION

A bench trial in this mortgage foreclosure action was held on July 12, 2013. At trial, plaintiff introduced requisite and sufficient evidence of its claim. It did so through Citi employee, Michael Windsor, who was competent to testify about the documents central to

this case. Mr. Windsor, employed with Citi since 2008, testified that he is responsible for a portfolio of default loans and he reviewed and researched the subject loan and its supporting documents. Mr. Winsdor testified to reviewing the transaction history, loan documents and payoff statement for the subject loan. He also reviewed the assignment between Trident and Citi. Mr. Windsor testified that Citi's loan transaction history (Exhibit P-5), which contemporaneously records defendants' monthly payments of $874.88, showed defendants' last made a required payment on August 1, 2010. Mr. Windsor testified in detail regarding the total amount due by defendants as of the trial date. The amount totaled $178,469.60. Citi further demonstrated through Mr. Windsor that it made the proper demand and sent the requisite Act 91 Notice to defendants. Plaintiff proved the validity of the mortgage and note, the properly executed and recorded assignment, ownership of the property and ultimately, the default giving plaintiff the right to proceed as it has in this matter.

Defendants offered no defense to plaintiff's claim of default.[1] Rather, defendants suggested in argument at trial that plaintiff was not the true owner of the loan and that plaintiff's Act 91 Notice was insufficient having been sent by Citi prior to the filing of the assignment. The court finds both of these arguments meritless.

In Pennsylvania, all actions shall be prosecuted by and in the name of the real party in interest. Pa.R.C.P. No.

---

1. On August 28, 2012, The Honorable Thomas G. Gavin, before whom the case was then pending, entered an order sustaining plaintiff's preliminary objections to defendants' "First Separate Defense", "Affirmative Defenses" and "New Matter." Although granted leave to amend their pleadings within twenty days (20) of the date of the order, defendants failed to do so.

2002. A real party in interest in any given contract is the person who can discharge the duties created and control an action to enforce rights. *McIntyre Square Assocs. v. Evans*, 827 A.2d 446, 455 (Pa. Super. Ct. 2003). In the event of default on the obligation underlying a mortgage, the holder of the mortgage may file an action of mortgage foreclosure pursuant to Pa.R.C.P. Nos. 1141-1150. Plaintiff demonstrated that it was the legal owner of the mortgage by assignment and the proper party to enforce the obligations under the mortgage. *See JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. Ct. 2013) (holding Pennsylvania Uniform Commercial Code governs a note evidencing debt secured by a mortgage and finding such note to be a "negotiable instrument"); *see also U.S. Bank N.A. Mallory*, 982 A.2d 986, 993-994 (Pa. Super. Ct. 2009)(holding Pennsylvania law "does not require [sic] mortgage assignee to execute and record an assignment of mortgage prior to filing its mortgage foreclosure complaint"). Plaintiff averred in its complaint that it was the mortgagee by assignment and attached the recorded assignment to the complaint. Mr. Windsor testified to the validity of the assignment at trial. This assignment could not have been a surprise to defendants because from the time defendants executed their mortgage, they were on notice of the fact that the original mortgagee (Trident) had the right to assign its interest in the mortgage to another party, such as Citi, and knowingly negotiated that right as a term of the mortgage. (Exhibit P-1, ¶20.) Defendants failed to offer any evidence of any defect in or invalidity of the assignment.

Contrary to defendants' suggestion at closing

argument[2], execution and recording of the assignment after the issuance of legal notice to defendants did not invalidate the notice. The Homeowner's Emergency Mortgage Assistance Loan Program (Act 91) outlines specific notice requirements for mortgagees seeking to foreclose on mortgages in the Commonwealth of Pennsylvania. 35 P.S. §1680.403c. The purpose of this notice is "to inform the mortgagor of a different means of satisfying his/her obligation under a mortgage in order to avoid foreclosure." *Bank of New York Mellon v. Hall*, 10 Pa. D. & C. 5th 240, 243 (Centre Cnty. Ct. Com. Pl. 2010). Defendants did not deny that they received an Act 91 notice from Citi advising them of their default and the remedies they had to avoid foreclosure. In fact, defendants' motion to dismiss filed at the outset of this case acknowledged receipt of such notice and included defendants' copy for the court's review. The question then is whether Citi had the authority to issue the Act 91 notice. The court finds that it did have such authority.

First, as discussed *supra*, Citi, as the present lender and mortgagee by assignment, had the authority to issue the Act 91 Notice. Second, even though the assignment had not yet been filed of record, both the mortgage executed by defendants and the notice provisions of Act 91 contemplate that an Act 91 Notice could be sent by others designated by the mortgagee, for example, a loan servicer such as Citi. *See* exhibit P-1, p. 12, *GMAC Mortgage, LLC v. Smith*, 2012 Phila. Ct. Com. Pl. LEXIS 278 (Ct. Com. Pl. Phila. 2012)(noting Act 91 specifically references actions to be taken by the 'mortgagee or other person').

---

2. The court invited both parties to submit post-trial briefs on any relevant legal issues. Defendants did not submit any post-trial brief.

Defendants' Act 91 Notice stated that "CitiMortgage, Inc. is providing this notice as lender or servicing agent for the lender." (Exhibit P-7, p 2). The Act 91 Notice then went on to specifically list Citi as the current lender. (Exhibit P-7, p.5). Defendants never disputed either of these facts and received all relevant documentation to advise them of their rights under Act 91. Therefore, the court finds that Citi complied with the express notice requirements of Act 91 as relevant to this complaint in mortgage foreclosure.

## CONCLUSIONS OF LAW

1. Plaintiff is the owner of the mortgage secured by 10 Hillcrest Lane.

2. Defendants are record owners of the mortgaged property.

3. Defendants defaulted on the mortgage by failing to make payments when due and owing.

4. Plaintiffs complied with the requirements of Act 91.

5. As a result of defendants' default, plaintiff is entitled to the amount due of $178,469.60, plus interest from July 12, 2013.

## ORDER

And now, this 23 day of September, 2013, following trial by the court sitting without a jury on July 12, 2013, the court finds in favor of the plaintiff CitiMortgage, Inc. and against the defendants Jeremy A. Smiler and Amy R. Hansen in the amount of $178,469.60, plus interest from July 12, 2013.