J-S77032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES SERIES 2004-12 | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 731 MDA 2017 |
| JEFFREY L. GOSS | : : : | |
| Appellant | : | |

Appeal from the Order Entered April 3, 2017
In the Court of Common Pleas of Centre County Civil Division at No(s):
15-4484

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 01, 2017**

Appellant Jeffrey L. Goss appeals from the Order entered in the Court of Common Pleas of Centre County on April 3, 2017, granting the Motion for Summary Judgment filed by Appellee, The Bank of New York Mellon.  We affirm.

On November 17, 2015, Appellee, the mortgagee by assignment, filed a Complaint in Mortgage Foreclosure pertaining to the mortgaged property located at 373 Tow Hill Road in Port Matilda, PA.  The mortgage secured the indebtedness of a Note Appellant had executed on October 11, 2004, in the original principal amount of $160,000 payable in monthly installments with an interest rate of 6.5%.  ***See*** Civil Action Mortgage Foreclosure, filed 11/17/15,

_____

* Former Justice specially assigned to the Superior Court.

at ¶ 4-5.  The mortgage fell into default due to Appellant's failure to make monthly payments as of September 24, 2015.  As a result, Appellee sought a monetary judgment in the amount of $93,338.58 on the loan.  ***Id***. at ¶ 7.[1]

The Complaint was served upon Appellant on December 4, 2015, and he filed an Answer with New Matter thereto on December 22, 2015.   Appellee filed its Reply to New Matter on January 11, 2016.  Shortly thereafter, on January 17, 2017, Appellee filed a Motion for Summary Judgment along with a Memorandum of Law in support thereof.  The next day, Appellee filed its Motion to Strike Jury Demand.  Appellant filed his Memorandum in Opposition to Appellee's Motion for Summary Judgment and his Memorandum in Opposition to Appellee's Motion to Strike Jury Demand on February 28, 2017.

The trial court held a hearing on Appellee's summary judgment motion on March 15, 2017.  On April 3, 2017, the trial court issued an Opinion and Order and granted Appellee's motion for summary judgment.  Therein, the trial court observed Appellee established Appellant had executed and defaulted on the Note and Mortgage.  The court also deemed Appellant to have admitted all the allegations Appellee had set forth in the Complaint in Mortgage Foreclosure because he had set forth only general denials to Appellee's averments in his Answer thereto.  Specifically, the trial court concluded:

> The amalgamation of [Appellant's] express admissions and general denials, which constitute admissions, results in the

---

[1] This amount included a principal balance of 73,177.42, interest to date, accumulated late charges and fees, escrow balance, and property taxes.

- 2 -

absence of any questions of material fact in this case. [Appellant] has admitted to being mortgagor of the Property at issue (Answer ¶¶ 3,5,6), [Appellant's] general denial of default acts as an admission of the same (Answer ¶ 7), [Appellant's] general denials containing the response that the documents referenced in the Complaint speak for themselves act as admissions to the validity of such documents (Answer ¶¶3,4,8), and [Appellant's] general denial regarding the amount due on the Mortgage acts as an admission of the alleged amount (Answer ¶7, 8).

Trial Court Opinion and Order, filed 4/3/17, at 5.

Appellant filed a timely appeal on May 1, 2017, and both Appellant and the trial court have complied with Pa.R.A.P. 1925. In its Opinion issued pursuant to Rule 1925(a), the trial court relied upon the reasoning it had set forth in its Opinion and Order of April 3, 2017, and when considering the issues Appellant raised on appeal held:

For the first issue, [Appellant] claimed the notice was defective under 35 P.S. §1680.403c(b)(1). Notice under 35 P.S. §1680.403c(b)(1) is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and gives him a timetable in which such means must be accomplished. Wells Fargo Bank, NA., v. Monroe, 966 a.2d 1140, 1142 (Pa. Super. 2009). If an Act 91 notice is given and it is defective, the mortgagors must show prejudice. *Id*. at 1143. The Superior court has previously found when a defective notice is given and mortgagors still avail themselves of the opportunity to pursue mortgage assistance, then the issue of defective notice is without merit. *Id*. at 1143-1144. In the present case [Appellant] applied for Homeowner's Emergency Mortgage Assistance under the notice. [Appellee] also reviewed [Appellant's] circumstances for foreclosure alternatives including a loan modification and/or forbearance. [Appellant] did not suffer prejudice due to the slight defects of the notice and so there was no merit to this issue.

For the second issue, [Appellant] claimed there was a novation made between the parties. As [Appellant] stated in his memorandum in opposition, proof of a novation should be clear and the party seeking to establish a release must introduce some

evidence of mutual assent to the purported novation. *See, Buttonwood Farms, Inc. v. Carson*, 478 A.2d 484, 486 (Pa. Super 1984); *First Pennsylvania Bank, N.A. v. Triester*, 380 A.2d 826 (Pa. 1977). Statements by [Appellant] alone without evidence of mutual assent are not enough to establish a novation was created. Since the non-moving party had the burden of proof and failed to adduce sufficient evidence on this issue, it established that the moving party was entitled to judgment as a matter of law.

Trial Court Opinion, 6/7/17, at 2-3.

Appellant presents two issues for this Court's review:

I.      Whether the trial court committed an error of law or abused its discretion in granting Appellee's motion for summary judgment in that the Act 6/Act 91 notice that was sent to Appellant failed to comply with the dictates of 35 P.S. § 1680.403c(b)(1) and as prescribed by the Pennsylvania Bulletin in several instances including by adding a notice pursuant to the Fair Debt Collection Practices Act, which additional language would be confusing to the least sophisticated consumer since this document was provided in contemplation of an *in rem* proceeding?

II.     Whether the trial court committed an error of law or abused its discretion in granting Appellee's motion for summary judgment since there was a genuine issue of material fact regarding a novation agreement/settlement agreement that the parties had previously reached that prevented summary judgment from being granted, which facts were not considered by the trial court?

Brief for Appellant at 5 (unnecessary capitalization omitted).

In considering Appellant's challenges to the trial court's order granting Appellee's motion for summary judgment, we employ a well-settled scope and standard of review. "The trial court's entry of summary judgment presents a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary." **Branton v. Nicholas Meat, LLC**, 159 A.3d 540, 545 (Pa.Super. 2017) (citation omitted). "A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment

as a matter of law." ***Yenchi v. Ameriprise Financial, Inc.***, ___ Pa. _____, _____, 161 A.3d 811, 818 (2017) (citation omitted), *reargument denied*, May 31, 2017.  "In considering a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Green v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n***, 158 A.3d 653, 658 (Pa.Super. 2017) (citation omitted). "When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment." ***Brown v. Everett Cash Mut. Ins. Co.***, 157 A.3d 958, 962 (Pa.Super. 2017) (citation omitted).

We first observe that the trial court granted Appellee's motion for summary judgment, in part, on the basis that Appellant's express admissions and general denials regarding the mortgage being in default were deemed to be admissions.   In a foreclosure action, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 465 (Pa.Super. 2014) (citation omitted), *appeal denied*, 631 Pa. 722, 112 A.3d 648.   Further, responsive pleadings in a mortgage foreclosure action must contain specific denials as general denials constitute admissions. ***Id.*** at 466–67; Pa. R.C.P. 1029(b).

Viewing the record in a light most favorable to Appellant, we observe that Appellant either admitted the allegations in the complaint or issued general denials thereto. As the trial court stated, it is well-settled that general denials and improper claims of lack of knowledge in an answer to a complaint in a mortgage foreclosure action constitute admissions. ***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 466–67 (Pa.Super. 2014), *appeal denied*, 631 Pa. 722, 102 A.3d 462 (2015); ***see also*** Pa.R.C.P. No. 1029(b). For example, general denials by a mortgagor that he is without sufficient information as to form a belief with respect to the amount of principal and interest due and owing constitutes an admission of the amounts. ***Id***. Therefore, there is no dispute regarding the material facts at issue, and we could find the trial court did not err when it granted summary judgment for this reason alone. Notwithstanding, upon further review, we find the issues Appellant presents for this Court's consideration do not entitle him to relief.

Appellant first argues Appellee did not comply with the notice requirements of Act 91, and specifically with the dictates of 35 P.S. § 1680.403(b)(1).[2] Appellant avers Appellee "unlawfully inserted a 'Notice

_____

[2] This provision reads as follows:

> (b)(1) The agency shall prepare a notice which shall include all the information required by this subsection and by section 403[1] of the act of January 30, 1974 (P.L. 13, No. 6), referred to as the Loan Interest and Protection Law and referred to commonly as the Usury Law. This notice shall be in plain language and specifically

Pursuant To The Fair Debt Collection Practices Act' within this document,"
although an action in mortgage foreclosure is an *in rem* proceeding the
purpose of which is to effect a judicial sale of the mortgaged property, not a
debt collection action. Brief for Appellant at 19. Appellant states that the Fair
Debt Collection Practices Act has no applicability to the within action as it
would not result in a judgment for money damages and concludes that the
"inclusion of the 'Notice Pursuant to the Fair Debt Collection Practices Act' was
prejudicial and should have resulted in the Motion for Summary Judgment
being denied by the [t]rial [c]ourt." **Id**. at 22.

---

> state that the recipient of the notice may qualify for financial assistance under the Homeowner's Emergency Mortgage Assistance Program. This notice shall contain the telephone number and the address of a local consumer credit counseling agency. This notice shall be in lieu of any other notice required by law. This notice shall also advise the mortgagor of his delinquency or other default under the mortgage, including an itemized breakdown of the total amount past due, and that such mortgagor has thirty (30) days, plus three (3) days for mailing, to have a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise. The mortgagee or other person sending the notice to the mortgagor shall simultaneously send a copy of each notice issued to the agency by regular mail, facsimile, electronic mail or another means of electronic transfer in accordance with agency guidelines. In lieu of sending a copy of each notice, the mortgagee or other person charged with sending the notice may provide the agency, within thirty (30) days of the end of each calendar quarter, a report listing the notices sent during the prior calendar quarter arranged by property address including zip code.

35 Pa.C.S.A. § 1680.403c(b)(1).

Appellant further reasons that by "intertwining two distinct types of causes of actions, the Act 6/Act 91 Notice at issue [ ] constitutes a 'threat to take legal action that cannot legally be taken of that is not intended to be taken.' 73 P.S. § 2270.4(5)(v); Accord, 15 U.S.C. § 1692(d)(B0(2)[]" and an "unfair or deceptive debt collection act or practice." *Id*. at 24-25. Appellant also posits that "[i]t would be confusing, coercive, and wasteful to have a Debtor such as Appellant, [] place any focus on trying to preserve his other remaining assets by defending against a debt claim instead of trying to avoid foreclosure by refinancing or through some other means as happened in this case." *Id*. at 26.

"'The purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished. 35 P.S. § 1680.403c.'" ***Wells Fargo Bank, N.A. v. Monroe***, 966 A.2d 1140, 1142 (Pa.Super. 2009) (citation omitted). Though not dispositive herein, in ***Beneficial Consumer Discount Co. v. Vukman***, 621 Pa. 192, 77 A.3d 547 (2013), the Pennsylvania Supreme Court held that the provision of a defective Act 91 notice does not deprive a court of subject matter jurisdiction, and in doing so reasoned as follows:

> [The a]ppellee's entire argument relies on her incorrect assumption that the Legislature has required the cause of action in foreclosure to include a mortgagee's compliance with Act 91's requirements. A cause of action is "a factual situation that entitles one person to obtain a remedy in court from another person." Black's Law Dictionary 235 (8th ed. 2004). In foreclosure, this

factual situation includes a mortgagor's default on a duly executed mortgage. *See* Pa.R.C.P. 1147(a) (itemizing factual averments required in mortgage foreclosure complaint). The cause of action does not include the procedural requirements of acting on that cause of action.

*Id*. at 201-02, 77 A.3d at 552-53.

The Act 91 notice provided to Appellant is introduced with a heading indicated to be in at least thirty-point type which reads: "ACT 91 NOTICE TAKE ACTION TO SAVE YOUR HOME FROM FORECLOSURE." The body of the Notice is comprised of six pages, the last of which is titled NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT and appears to be in ten-point type. While Appellant states this Notice as a whole, hypothetically, "would be confusing," and even assuming, *arguendo*, that it is defective, Appellant failed to show that it was, in fact, perplexing and prejudicial to him. *See Wells Fargo Bank, N.A., v. Monroe*, *supra* (stating if an Act 91 notice is determined to be defective, a mortgagor is not entitled to a presumption of prejudice).

To the contrary, the record reveals Appellant was aware of the opportunity to apply for mortgage assistance through the Pennsylvania's Homeowners' Emergency Mortgage Assistance Program. Indeed, Appellant applied for mortgage assistance, although his application was denied on September 9, 2015. *See* "Exhibit F" to Plaintiff's Motion for Summary Judgment Against Defendants [sic]. In addition, Appellee reviewed with Appellant his opportunities for alternatives to foreclosure as is evident in a

letter addressed to Appellant from Green Tree Servicing, LLC, dated February 5, 2015, wherein the loss mitigation application Appellant had submitted was referenced. *See id* "Exhibit G." Accordingly, we agree with the trial court's conclusion that Appellant's first issue is without merit.

In his second issue, Appellant argues that in light of the pleadings and Appellant's Affidavit attached to his Answer with New Matter to Appellee's Complaint in Mortgage Foreclosure, a genuine issue of material fact exists as to "whether the parties had negotiated a valid Novation Agreement/Settlement Agreement after he received the imperfect and unlawful Act 6/Act 91 Notice." Brief for Appellant at 28. Appellant explains he assumed certain conversations he had had with Ms. Renee C. Lembke of Ditech Financial, LLC, concerning an agreement to avoid foreclosure were being recorded and maintains that:

> If accepted as true by the fact finder, then Appellant['s] [] testimony about the compromise agreement that he reached with Renee C. Lembke on November 6, 2015 and November 9, 2015 should have precluded the Motion for Summary Judgment from being grated. For certain, based on the record that is before this Court, the factfinder could find that a valid Settlement Agreement/Novation was reached. Plain and simple, "the credibility of the testimony is still a matter for the [*factfinder*]," *DeArmitt v. New York Life Ins, Co.*, 2013 PA Super 161, 73 A.3d 578, 595 (2013).

*Id*. at 30.

Initially, we note that because Appellant raises for the first time before this Court a defense he did not present to the trial court, we deem this argument to be waived **See** Pa.R.C.P. 1030(a) (discussing contents of New

- 10 -

Matter); *see also Commonwealth v. Baez*, 169 A.3d 35, 41 (Pa.Super. 2017) (stating a defendant waived position that there was an affirmative defense to crime by failing to raise it before trial court and that in light of Pa.R.A.P. 302(a) which provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal" he was barred from raising a new and different theory of relief for the first time on appeal). Since Appellant never specifically asserted before the trial court that he and Appellee had entered into an oral settlement/novation agreement, and his representations in his New Matter contradict such a claim, it may not be advanced now as grounds for reversal of the decision in question. *See Baez*, *supra*.

Even had Appellant properly preserved this issue, in *Buttonwood Farms, Inc. v. Carson*, 478 A.2d 484 (Pa.Super. 1984) this Court explained that a novation, or a substituted agreement, supplants an earlier contract and set forth the evidence one must produce to show a novation had been entered into as follows:

> The required essentials of a novation are the displacement and extinction of a valid contract, the substitution for it of a valid new contract, a sufficient legal consideration for the new contract, and the consent of the parties. The party asserting a novation or substituted contract has the burden of proving that the parties intended to discharge the earlier contract. Such intention of the parties to effect a novation or substituted contract may be shown by other writings, or by words, or by conduct or by all three.

*Id*. at 486-87 (italics, citations and quotation marks omitted). "A party seeking to establish that a renewal note was intended to discharge and

- 11 -

substitute for an earlier note must overcome the presumption that the original note is valid by introducing some evidence of mutual assent to the purported novation; in the absence of such proof, no jury question exists." ***First Pennsylvania Bank, N.A. v. Triester***, 380 A.2d 826, 831 (Pa.Super. 1977).

Despite Appellant's representations to this Court, the record contains no testimony of Appellant either in the form of a properly executed affidavit, deposition, or statements at the hearing held on March 15, 2017, regarding Appellee's Motion for Summary Judgment that he and Appellee had entered into a "settlement agreement/novation agreement." Moreover, there is no record evidence that any repayment agreement into which Appellant and Appellee may have entered was intended to release Appellant from making the contractual payments on his original mortgage obligation. To the contrary, in his New Matter Appellant admitted he owed escrow payments of nearly thirty-thousand dollars and represented that he was in a position to pay them on November 9, 2015:

> 25. On or about November 6, 2015, Renee C. Lembke, who is a supervisor in the debt collation department, at Ditech Financial, LLC, which is located in Greensboro North Carolina and which is the company who services the subject loan for [Appellee] and its predecessors and its agents admitted to [Appellant] that the escrow payments that are discussed in paragraph 15 above were made in error, that we have charged you for real estate taxes that were not paid by us, that the escrow amount being claimed was incorrect, and that she would inform [Appellant] of the correct reinstatement amount at 3:00 p.m. on or about November 9, 2015, but this did not occur at that time.
> 26. On or about November 6, 2015, Renee C. Lembke also proposed allowing [Appellant] to repay the escrow shortage in monthly installments over a sixty (60 mo.) month period as

- 12 -

delineated in Exhibit "A", which is referred to as the Escrow Account Disclosure Statement and whose contents are incorporated herein by reference as though set forth at length.

27. If Renee C. Lembke would have permitted [Appellant] to proceed in accordance with the schedule for escrow payments that is detailed in Exhibit "A" on November 9, 2015, the arrearage from August, 2014 through December, 2015 would have only been approximately Twenty-Eight Thousand Seven Hundred Forty-Three ($28, 743.29) and 29/100 Dollars, and [Appellant] was in a position to pay this sum in full on that date.

28. Instead, [Appellant] was not provided with a reinstatement amount by [Appellee] and/or its predecessors and its agents until November 23, 2015 when it was claimed that foreclosure costs and counsel fees costs would total Thirty-Five Thousand Nine Hundred Forty-Four ($35,944.56) and 56/100 Dollars, which demand failed to consider the contents of the Escrow Account Disclosure Statement, to which Appellant had agreed to pay See Exhibit "B".

*See* [Appellant's] Answer with New Matter to [Appellee's] Complaint at ¶¶ 25-28.

Accordingly, we find Appellant failed to raise any material issues of fact or law that would refute the averments in the Complaint in Mortgage Foreclosure, and Appellee established therein a *prima facie* case to institute foreclosure. Our review of the certified record has not uncovered any error of law and we conclude that the trial court did not abuse its discretion in finding that Appellant had waived his issues based on his answer and new matter filed in response to the Complaint or, in the alternative, that the Act 91 Notice affixed thereto sufficiently apprised Appellant of his options with regard to the aid to which he was entitled and that he failed to adduce sufficient evidence to satisfy his burden of proof that a novation had been created. Accordingly,

the trial court's grant of the motion for summary judgment filed by Appellee was proper.

Order affirmed.

Bender, PJE joins the memorandum.

Lazarus, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2017